Matter of Hunt (2023 NY Slip Op 04892)

Matter of Hunt

2023 NY Slip Op 04892

Decided on September 29, 2023

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND GREENWOOD, JJ. (Filed Sept. 29, 2023.) 

&em;

[*1]MATTER OF MARSHA A. HUNT, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 14, 1988, and she maintains an office in Syracuse. In August 2023, the Grievance Committee filed a petition asserting against respondent a sole charge of professional misconduct alleging that she engaged in certain conduct that involves dishonesty or deceit and that adversely reflects on her fitness as a lawyer. In lieu of respondent filing an answer to the petition, the parties have filed a joint motion for discipline by consent wherein respondent conditionally admits that she has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of public censure.
In support of the joint motion, respondent conditionally admits that, while she was employed as a court attorney referee in the Fifth Judicial District during early 2020, she entered the chambers of a judge of that District, located the login credentials for the judge's computer, and thereafter used those login credentials on five occasions to make unauthorized changes to the time card of the judge's law clerk. Respondent additionally admits that, on numerous occasions from February through July 2020, she viewed certain email messages and electronic files on the judge's computer without authorization from the judge. The Office of the Inspector General for the New York State Unified Court System commenced an investigation, and respondent lost her position as court attorney referee after admitting that she had engaged in the misconduct set forth in the joint motion.
We grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that her admissions establish that she has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness, or fitness as a lawyer;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and
rule 8.4 (h)—engaging in conduct that adversely reflects on her fitness as a lawyer.
In imposing the sanction requested by the parties in the joint motion, we have considered the serious nature of respondent's admitted misconduct, as well as the relevant mitigating factors, including her expression of remorse for the misconduct, which we find to be sincere, and her statement that the misconduct was aberrational and occurred at a time when she was experiencing mental health issues that were exacerbated by ongoing workplace difficulties and the COVID-19 pandemic. We have also considered in mitigation that respondent has successfully sought mental health treatment and that she has not previously been the subject of an attorney disciplinary proceeding before this Court since she was admitted to practice law in 1988. Accordingly, after consideration of all of the factors relevant to this matter, we conclude that respondent should be censured.